FILED

2015 MAY 11 P 12:18

CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2015-02246                                                          DIVISION "E"

FOUNDATION FOR LOUISIANA

VERSUS

PONTCHARTRAIN PARK CDC REAL ESTATE HOLDINGS, LLC
AND FIRST NBC BANK



FILED                                                             DEPUTY CLERK

**ANSWER WITH AFFIRMATIVE DEFENSES,
AND RECONVENTIONAL DEMAND OF
PONTCHARTRAIN CDC REAL ESTATE HOLDINGS, LLC**

NOW INTO COURT, through undersigned counsel, comes purported Defendant, Pontchartrain Park CDC Real Estate Holdings, LLC, hereinafter sometimes referred to as ("PPCDC"), who responds to the Original Petition of Foundation for Louisiana f/k/a Louisiana Disaster Recovery Foundation, Inc. (sometimes referred to as "Plaintiff"), as follows:

I.

**ANSWER TO ORIGINAL PETITION**

-1-

Paragraph 1 of the Original Petition does not require a response from PPCDC. However, out of an abundance of caution, and to the extent a response is required, any allegations contained with Paragraph 1 of the Original Petition are denied.

-2-

PPCDC admits its status. The remainder of the allegations contained within Paragraph 2 of the Original Petition requires no response from PPCDC. However, out of an abundance of caution, PPCDC denies all other allegations contained within in Paragraph 2 for lack of sufficient information to justify a belief therein.

-3-

The allegations contained within Paragraph 3 of the Original Petition are admitted.

-4-

The allegations contained within Paragraph 4 of the Original Petition are admitted.

-5-

The allegations contained within Paragraph 5 of the Original Petition are denied for lack of sufficient information to justify a belief therein.

-6-

The allegations contained within Paragraph 6 of the Original Petition are denied for lack of sufficient information to justify a belief therein.

-7-

Paragraph 7 purports to quote from an "Assignment" document. Therefore, the allegations contained within Paragraph 7 of the Original Petition are denied for lack of sufficient information to justify a belief therein, and PPCDC further states that the document is the best evidence of its terms and conditions.

-8-

Paragraph 8 purports to quote from an "Assignment" document. Therefore, the allegations contained within Paragraph 8 of the Original Petition are denied for lack of sufficient information to justify a belief therein, and PPCDC further states that the document is the best evidence of its terms and conditions.

-9-

The allegations contained within Paragraph 9 of the Original Petition are denied for lack of sufficient information to justify a belief therein.

-10-

The allegations contained within Paragraph 10 of the Original Petition are denied for lack of sufficient information to justify a belief therein.

-11-

The allegations contained within Paragraph 11 of the Original Petition are denied for lack of sufficient information to justify a belief therein.

-12-

The allegations contained within Paragraph 12 of the Original Petition are denied for lack of sufficient information to justify a belief therein.

-13-

The allegations contained within Paragraph 13 of the Original Petition are denied for lack of sufficient information to justify a belief therein.

-14-

The allegations contained within Paragraph 14 of the Original Petition are denied for lack of sufficient information to justify a belief therein.

-15-

Paragraph 15 purports to assert the terms and conditions of an "Assignment" document. Therefore, the allegations contained within Paragraph 15 of the Original Petition are denied for lack of sufficient information to justify a belief therein, and PPCDC further states that the document is the best evidence of its terms and conditions.

-16-

Paragraph 16 purports to quote from an "Assignment" document. Therefore, the allegations contained within Paragraph 16 of the Original Petition are denied for lack of sufficient information to justify a belief therein, and PPCDC further states that the document is the best evidence of its terms and conditions.

-17-

The allegations contained within Paragraph 17 of the Original Petition are denied for lack of sufficient information to justify a belief therein.

-18-

As Paragraph 18 of the Original Petition purports to re-avert all allegations made within paragraphs 1 - 17 of the Original Petition, Defendants respond that it re-avers each response as set forth within paragraphs 1 - 17 of this Answer as if copied herein *in extenso*.

-19-

Paragraph 19 purports to assert the terms and conditions of an "Assignment" document. Therefore, the allegations contained within Paragraph 19 of the Original Petition are denied for lack of sufficient information to justify a belief therein, and PPCDC further states that the document is the best evidence of its terms and conditions.

-20-

The allegations contained within Paragraph 20 of the Original Petition are denied for lack of sufficient information to justify a belief therein.

-21-

The allegations contained within Paragraph 21 of the Original Petition are denied for lack of sufficient information to justify a belief therein.

-22-

As Paragraph 22 of the Original Petition purports to re-avert all allegations made within paragraphs 1 - 21 of the Original Petition, Defendants respond that it re-avers each response as set forth within paragraphs 1 - 21 of this Answer as if copied herein *in extenso*.

-23-

The allegations contained within Paragraph 23 of the Original Petition are denied.

-24-

Paragraph 24 purports to assert the terms and conditions of a "PRI Agreement" document. Therefore, the allegations contained within Paragraph 24 of the Original Petition are denied for lack of sufficient information to justify a belief therein, and PPCDC further states that the document is the best evidence of its terms and conditions.

-25-

The allegations contained within Paragraph 25 of the Original Petition are denied.

-26-

The allegations contained within Paragraph 26 of the Original Petition are denied.

-27-

The allegations contained within Paragraph 27 of the Original Petition are denied.

-28-

The allegations contained within Paragraph 28 of the Original Petition are denied.

-29-

As Paragraph 29 of the Original Petition purports to re-avert all allegations made within paragraphs 1 - 28 of the Original Petition, Defendants respond that it re-avers each response as set forth within paragraphs 1 - 28 of this Answer as if copied herein *in extenso*.

-30-

The allegations contained within Paragraph 30 of the Original Petition are denied.

-31-

The allegations contained within Paragraph 31 of the Original Petition are denied for lack of sufficient information to justify a belief therein.

-32-

The allegations contained within Paragraph 32 of the Original Petition are denied.

-33-

The allegations contained within Paragraph 33 of the Original Petition are denied.

-34-

The allegations contained within Paragraph 34 of the Original Petition are denied for lack of sufficient information to justify a belief therein.

-35-

The allegations contained within Paragraph 35 of the Original Petition are denied.

-36-

The allegations contained within Paragraph 36 of the Original Petition are denied.

-37-

The allegations contained within Paragraph 37 of the Original Petition are denied.

II.

AFFIRMATIVE DEFENSES

-38-

FIRST AFFIRMATIVE DEFENSE

The Original Petition fails to state a cause of action on which relief may be granted against PPCDC.

-39-

SECOND AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the Original Petition against PPCDC are barred by applicable statutes of limitation, and prescriptive and peremptive periods.

-40-

### THIRD AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the Original Petition against PPCDC are barred under the doctrines of waiver, ratification, and unclean hands.

-41-

### FOURTH AFFIRMATIVE DEFENSE

The rights, obligations, and duties of PPCDC are exclusively defined by the applicable Agreements executed by the parties and Louisiana law.

-42-

### FIFTH AFFIRMATIVE DEFENSE

PPCDC at all times complied with the applicable laws, regulations, and applicable Agreements executed by the parties.

-43-

### SIXTH AFFIRMATIVE DEFENSE

PPCDC did not breach any duties owed to Plaintiff, if any, including any duties imposed on PPCDC in the applicable Agreements or by law.

-44-

### SEVENTH AFFIRMATIVE DEFENSE

PPCDC at all times acted with due care, diligence, in good faith, and without malice.

-45-

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has sustained no damages proximately caused by PPCDC.

-46-

### NINTH AFFIRMATIVE DEFENSE

No act or omission of PPCDC was a cause-in-fact of any of Plaintiff's alleged damages.

-47-

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its alleged damages.

-48-

## ELEVENTH AFFIRMATIVE DEFENSE

The damages alleged by Plaintiff are the result of its own fault and/or the fault of others whose conduct PPCDC are not responsible.

-49-

## TWELFTH AFFIRMATIVE DEFENSE

To the extent this Honorable Court determines that Plaintiff is entitled to recover any damages against PPCDC, which is specifically denied, PPCDC pleads the contributory and/or comparative negligence or fault of Plaintiff or others for whom PPCDC was not responsible, as a total or partial bar to recovery.

-50-

## THIRTEENTH AFFIRMATIVE DEFENSE

PPCDC reserves its right to assert additional affirmative defenses that are established through discovery.

## RECONVENTIONAL DEMAND

AND NOW, further answering the Petition, the purported original Defendant, Pontchartrain Park CDC Read Estate Holdings, LLC, (hereinafter "Plaintiff-in-Reconvention" or "PPCDC"), assumes the position of the Plaintiff-In-Reconvention and avers the following:

I.

Made defendant herein is the Foundation for Louisiana, formerly known as Louisiana Disaster Recovery Foundation, Inc., a non-profit corporation organized and existing under the laws of the State of Louisiana, with its principal place of business located in Baton Rouge, Louisiana.

II.

Defendant-in-Reconvention has alleged that it has made demand upon PPCDC for interest due at the simple interest rate of three percent (3%) per year.

III.

Defendant-in-Reconvention contends that the basis for such claim is the general PRI Agreement allegedly entered into by the parties.

IV.

Defendant-in-Reconvention acnkowledges that the parties subsequently entered into a specific promissory note on the same date as the PRI Agreement.

V.

The specific promissory note superceded the general provisions of the PRI Agreement relative to any payment PPCDC would have to make to Defendant-in-Reconvention and specifically limited the payment amount to a flat fee of $15,000.00 with interest at the rate of 3% per annum.

VI.

Defendant-in-Reconvention and PPCDC did not enter into any subsequent promissory notes for any payments above and beyond the $15,000.00 or for any period of time beyond the scope of the original promissory note.

VII.

Despite same, Defendant-in-Reconvention has made demand upon PPCDC for the amount of $79,637.04 as of March 9, 2015 with interest based on a principal amount of $500,000.00, has threatened PPCDC with suit for this fraudulent amount, has threatened suit against PPCDC's banker, First NBC Bank, in connection with this matter, has filed suit against PPCDC and First NBC Bank, and upon information and belief, has reported PPCDC to various credit agencies in connection with PPCDC's failure to pay the fraudulent amount of $79,637.04 as of March 9, 2015.

### FIRST CAUSE OF ACTION: FRAUDULENT AND/OR NEGLIGENT MISREPRESENTATION

VIII.

Defendant-in-Reconvention committed fraudulent and/or negligent misrepresentation by, among other things: (1) entering into the specific promissory note that superceded the general provisions of the PRI Agreement relative to any payment PPCDC would have to make to Defendant-in-Reconvention and specifically limited the payment amount to a flat fee of

$15,000.00 with interest at the rate of 3% per annum when it (Defendant-in-Reconvention) knew it intended to seek payment beyond the scope of the specific promissory note on an alleged debt of $500,000.00 bearing interest at 3% per annum; and (2) asserting to this Court that it was the parties intention to go beyond the scope of the specific promissory note without the need to execute additional promissory note(s).

IX.

Defendant-in-Reconvention's actions have caused damage to PPCDC and under Louisiana Civil Code articles 1953 and/or 2315, it is liable for those damages.

### SECOND CAUSE OF ACTION: DETRIMENTAL RELIANCE

X.

Defendant-in-Reconvention represented through its conduct, more specifically the negotiation and execution of the specific promissory note, that the amount due to Defendant-in-Reconvention by PPCDC would be $15,000.00 plus interest at the rate of 3% per annum.

XI.

PPCDC justifiably relied upon these representations to its detriment.

XII.

PPCDC's reliance has caused it damages and Defendant-in-Reconvention is liable to PPCDC for all resulting damages pursuant to Louisiana Civil Code article 1967.

### THIRD CAUSE OF ACTION: TORTIOUS INTERFERENCE WITH CONTRACT AND/OR BUSINESS RELATIONS

XIII.

Defendant-in-Reconvention has intentionally and maliciously interfered with PPCDC's contract(s) and/or business relations with First NBC Bank by fraudulently representing to First NBC Bank that PPCDC is indebted to it for the sum of $79,637.04 as of March 9, 2015.

XIV.

Defendant-in-Reconvention's actions have caused damage to PPCDC in the form of, upon information and belief, adverse actions and/or decisions by First NBC Bank in connection with certain financial dealings with PPCDC.

XV.

Defendant-in-Reconvention knew or should have known that its actions would be detrimental to PPCDC's business relations with First NBC Bank, and accordingly Defendant-in-Reconvention is liable to PPCDC for all resulting damage.

### FOURTH CAUSE OF ACTION: UNFAIR TRADE PRACTICES

XVI.

Defendant-in-Reconvention's allegations amount to an allegation that PPCDC was a consumer of Defendant-in-Reconvention.

XVII.

Defendant-in-Reconvention's actions constitute unfair or deceptive acts in the conduct of trade or commerce, resulting in economic loss to PPCDC.

XVIII.

Accordingly, Defendant-in-Reconvention is liable to PPCDC for all resulting damage pursuant to La.R.S. 51:1405(A).

### FIFTH CAUSE OF ACTION: EQUITABLE ESTOPPEL

XIX.

Due to the numerous actions and misrepresentations of Defendant-in-Reconvention, it should be equitably estopped from asserting that PPCDC is indebted to it for the sum of $79,637.04 as of March 9, 2015.

### SIXTH CAUSE OF ACTION, PLED IN THE ALTERNATIVE, UNJUST ENRICHMENT

XX.

A judgment that PPCDC is indebted to Defendant-in-Reconvention for any sum above and beyond the $15,000.00 agreed to in the specific promissory note together with 3% interest thereon would unjustly enrich Defendant-in-Reconvention due to its fraudulent misconduct.

XXI.

PPCDC would correspondingly be impoverished by such a ruling, and no justification exists for Defendant-in-Reconvention's enrichment.

## XXII.

PPCDC is also entitled to recover all of its attorney's fees and costs in this case because of Defendant-in-Reconvention's fraudulent conduct.

**WHEREFORE**, purported Defendant, PPCDC, prays that the above answer and affirmative defenses be deemed good and sufficient, and that after due proceedings are had therein, there be judgment in its favor and against Plaintiff, rejecting all of Plaintiff's demands and dismissing Plaintiff's Original Petition against PPCDC with prejudice, at the sole cost of Plaintiff, and and, that citation be issued for its Reconventional Demand and that service be made on upon Defendant-In-Reconvention, the Foundation for Louisiana, formerly known as Louisiana Disaster Recovery Foundation, Inc, and that after due proceedings are had therein, there be judgment in its favor and against Defendants-in-Reconvention for all damages caused by Defendant-in-Reconvention's fraudulent conduct, and that costs and attorneys' fees be awarded to PPCDC for such other general equitable relief to which they may be entitled. .

Respectfully submitted,

AARON & GIANNA, PLC

_____
WILLIAM D. AARON, JR. (LSBA #2267) T.A.
DeWAYNE L. WILLIAMS (LSBA #27685)
ANNA RAINER (LSBA #
201 Saint Charles Avenue, Suite 3800
New Orleans, LA 70170
Telephone: (504) 569-1800

*Counsel for Purported Defendant,*
*PPCDC*

---

**Pursuant to La.C.C.P. art. 1063, Please serve as follows:**

Foundation for Louisiana
through its counsel of record,
Jean-Paul Layrisson, Esq.
607 St. Charles Avenue
New Orleans, LA 70130
504-522-7100