UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FOUNDATION FOR LOUISIANA, F/K/A LOUISIANA DISASTER RECOVERY FOUNDATION, INC. | CIVIL ACTION |
| VERSUS | No. 17-6499 |
| PONTCHARTRAIN PARK CDC REAL ESTATE HOLDINGS, LLC, ET AL. | SECTION: "J"(5) |

## ORDER & REASONS

Before the Court is a *Motion for Default Judgment* **(Rec. Doc. 22)** filed by Plaintiff Foundation for Louisiana f/k/a Louisiana Disaster Recovery Foundation, Inc. ("Foundation") against Defendant Pontchartrain Park CDC Real Estate Holdings, LLC ("Pontchartrain"). The motion asks that default judgment be granted on Foundation's claims that Pontchartrain is in breach of an assignment of deposit and a promissory note. The motion is unopposed by Pontchartrain, who has not appeared since this matter was removed to this Court.[1] Having considered the motion, Foundation's memorandum, the record, and the applicable law, the Court finds that Foundation's motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

Foundation alleges that it entered into a Program Related Investment Agreement ("PRI Agreement") with Pontchartrain in which Foundation agreed to

---

[1] (*See* Rec. Doc. 4-40) (motion and order withdrawing Defendant's counsel from state court proceedings as of June 28, 2017). This case was removed by the Federal Deposit Insurance Corporation as receiver for Defendant First NBC Bank; the Court has jurisdiction pursuant to 12 U.S.C. § 1819(b)(2)(B).

1

provide Pontchartrain with $500,000 in additional collateral to obtain a construction loan in December 2009.[2] It entered into an Assignment of Deposit Account ("Assignment") dated March 12, 2010, in which Foundation granted a security interest in two certificates of deposit ("CDs") to First NBC Bank to secure Pontchartrain's loan from First NBC Bank.[3] The Assignment provided that it was effective for a period of one year unless Foundation consented to an extension, which it did multiple times, resulting in a final maturity date of July 13, 2013.[4] First NBC Bank did not apply the CDs to Pontchartrain's indebtedness prior to the final maturity date but refused to release them to Foundation upon demand.[5]

In exchange for the additional collateral, Pontchartrain agreed to pay Foundation three percent simple interest per year and executed a Promissory Note in favor of Foundation for the first year's interest payment in the amount of $15,000.[6] Foundation alleges that it gave several written demand notices to Pontchartrain and that the PRI Agreement and Promissory Note are in default.[7] Foundation further alleges that, because Pontchartrain failed to provide replacement collateral to First NBC Bank and First NBC Bank has refused to release the CDs to Foundation, Pontchartrain is liable to it under the PRI Agreement for the full amount of the collateral ($500,000) as well as interest, which was $79,637.04 as of March 9, 2015.[8]

---

[2] (Petition, Rec. Doc. 4, at 2).
[3] *Id.*
[4] *Id.* at 2-3.
[5] *Id.* at 4.
[6] *Id.* at 4-5.
[7] *Id.* at 5.
[8] *Id.* at 5-6. Foundation contends that the amount owed is $150,725.81 as of the date of filing of its motion for default judgment, which was January 15, 2020. (Rec. Doc. 21, at 3).

2

## **LEGAL STANDARD**

Under Rule 55(b) of the Federal Rules of Civil Procedure, a default judgment may be entered against a party when it fails to plead or otherwise respond to the plaintiff's complaint within the required time. FED. R. CIV. P. 55(b). A plaintiff who seeks a default judgment against an uncooperative defendant must proceed through two steps. First, the plaintiff must petition the court for the entry of default, which is "a notation of the party's default on the clerk's record of the case." *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986). Plaintiff so moved, and default was entered.[9]

After the clerk has entered the default, the plaintiff may move for default judgment. FED. R. CIV. P. 55(b). When considering whether there is a "sufficient basis in the pleadings" for the entry of a default judgment, the court must accept as true "the well-pleaded factual allegations in the plaintiff's complaint." *Meyer v. Bayles*, 559 F. App'x 312, 313 (5th Cir. 2014) (quoting *Nishimatsu Const. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). However, the defaulting defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu*, 515 F.2d at 1206. No party is entitled to a default judgment as a matter of right, even where the defendant is technically in default. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). The disposition of a motion for the entry of default judgment ultimately rests within the sound discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

---

[9] (Rec. Doc. 23).

**DISCUSSION**

Because Pontchartrain has previously appeared in this matter, Foundation must have given Pontchartrain written notice of its motion at least seven days prior to the Court ruling on it. *See* FED. R. CIV. P. 55(b)(2). Foundation properly served Pontchartrain on January 21, 2020, by mailing notice to Pontchartrain's last known address. *See* FED. R. CIV. P. 5(b)(2)(C).

Taking all well-pleaded factual allegations as true, the Court finds that Pontchartrain has defaulted on the Promissory Note and is in breach of the PRI Agreement. In support of its claim for damages, Foundation has submitted the affidavit of Flozell Daniels Jr., CEO and President of Foundation, who attests that Foundation's CDs were applied to Pontchartrain's loan balance at First NBC Bank.[10] Daniels further attests that the total amount of interest due is $150,725.81 as of January 7, 2020.[11] Accordingly, the Court finds that Pontchartrain is liable to Foundation for $500,000 in principal plus $150,725.81 in interest.

Foundation also seeks post-judgment interest. "Post-judgment interest is awarded as a matter of course" *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 173 (5th Cir. 2010) (citing 28 U.S.C. § 1961(a)). Accordingly, Foundation is entitled to post-judgment interest.

---

[10] (Rec. Doc. 21-2, at 2).
[11] *Id.* Although the date stated in the affidavit is January 7, 2019, the Court believes this to be a typo, as by the Court's calculations the amount of interest due in January 2019 was approximately $15,000 less than the stated amount.

Finally, Foundation requests attorney's fees. Although the Promissory Note clearly provides for attorney's fees,[12] there is no similar language in the PRI Agreement. While Foundation asserts (without citation) in its motion that the Assignment provides for attorney's fees, the Assignment provides only that Pontchartrain may owe attorney's fees to First NBC Bank, not Foundation.[13] Therefore, the Court finds that Foundation is entitled to attorney's fees only for its reasonable expenses in enforcing its rights under the Promissory Note.

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion for Default Judgment* **(Rec. Doc. 22)** is **GRANTED**, and final judgment is entered in favor of Plaintiff Foundation for Louisiana and against Defendant Pontchartrain Park CDC Real Estate Holdings, LLC in the amount of $650,725.81 plus post-judgment interest pursuant to 28 U.S.C. § 1961(a).

**IT IS FURTHER ORDERED** that Plaintiff is entitled to recoup reasonable attorney's fees and costs from Defendant that Plaintiff has expended in enforcing its rights under the Promissory Note with fee amounts to be fixed in a subsequent order. Plaintiff shall file a properly supported motion pursuant to Federal Rule of Civil Procedure 54(d) no later than 14 days after the entry of Judgment.

---

[12] (Rec. Doc. 4, at 39) ("In the event that either party to this Note reasonably and in good faith considers it necessary to take action to protect or enforce its rights under this Note, . . . the other party agrees to pay all reasonable resulting costs and expenses, including reasonable attorney's fees if such other party is found to be at fault.")

[13] *Id.* at 17.

New Orleans, Louisiana, this 3rd day of February, 2020.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE